UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-342-SVW | Date | February 23, 2021 |
|---|---|---|---|
| Title | *James Rutherford v. Kevin Doan and Pauline Doan* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING IN PART [16] PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND REQUEST TO AFFIX ATTORNEYS' FEES & COSTS.

## I.   Introduction

Plaintiff James Rutherford ("Plaintiff") brings claims against Kevin Doan and Pauline Doan ("Defendants") for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182, and the Unruh Civil Rights Act ("Unruh"), California Civil Code § 51.   After Defendant failed to answer Plaintiff's complaint, the Clerk entered a default.

Plaintiff now brings the instant application for default judgment.   Plaintiff also asks this Court to affix attorney's fees and costs.   For the below reasons, Plaintiff's motion is GRANTED IN PART.

## II.   Motion for Default Judgment

Courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits.   *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see also Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123, *1-2 (C.D. Cal. Feb. 13, 2004).

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-342-SVW | Date | February 23, 2021 |
|---|---|---|---|
| Title | *James Rutherford v. Kevin Doan and Pauline Doan* | | |

    Upon consideration of Plaintiff's complaint and the materials provided by Plaintiff in support of the application for default judgment, the Court is persuaded that the *Eitel* factors favor granting Plaintiff's application. The factual allegations in Plaintiff's complaint establish a claim for violations of the ADA and California's Unruh Act. *See generally* Dkt. 1; *see also Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding default judgment appropriate where complaint sufficiently establishes ADA violation). By failing to appear and oppose, Defendant has admitted all material facts in the pleadings. *Vogel*, 992 F. Supp. 2d at 1012–13. Plaintiff's proof of service for each defendant indicates proper service, and the instant motion was also properly served upon Defendant. Given that Defendant has been properly served, it is unlikely that excusable neglect justifies denying this application. Accordingly, a default judgment is warranted here.

    Plaintiff seeks injunctive relief ordering Defendants to provide the following in compliance with the ADA: a van accessible parking space and access aisle, curbed ramps connecting the parking space to the entrance of Defendants' building, and an accessible route to the outdoor seating area. The Court finds these steps are "readily achievable" and, accordingly, grants injunctive relief. *See Vogel*, 992 F. Supp. 2d at 1011 ("[E]xamples of readily achievable steps to remove barriers include . . . creating designated accessible parking spaces.").

    Plaintiff also seeks statutory damages under the Unruh Act for the ADA violations that he experienced when he visited Defendant's establishment. Specifically, Plaintiff seeks $4,000, which reflects the statutory penalty for a single violation. Having found that the ADA was violated—and, in turn, the Unruh Act as well—the Court will award the statutorily mandated penalty of $4,000.

    In sum, the Court will grant Plaintiff's application for default judgment, award statutory damages of $4,000, and order injunctive relief requiring Defendant to provide the following in compliance with the ADA: a van accessible parking space and access aisle, curbed ramps connecting the parking space to the entrance of Defendants' building, and an accessible route to the outdoor seating area.

### III.    Request to Affix Attorney's Fees

    Plaintiff also requests $4,269 in attorney's fees and litigation costs.

                                                                                                         :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-342-SVW | Date | February 23, 2021 |
|---|---|---|---|
| Title | *James Rutherford v. Kevin Doan and Pauline Doan* | | |

Reasonable attorneys' fees are calculated as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gates*, 987 F.2d at 1397. To receive attorneys' fees, a party must present "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–6 n.11 (1984). The relevant community is that in which the district court sits. *Schwarz v. Sec'y of Health and Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995). For this Court, the relevant community is courts within the Central District of California ("District"). A district court is given wide latitude in reducing the fee applicant's compensable hours based on the above criteria. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, the court "must provide an explanation for the reduction." *Sorenson v. Mink*, 239 F.3d 1140, 1146–47 (9th Cir. 2001).

The Court reviewed the declarations provided by Plaintiff's counsel, which describes counsel's experience and educational background. The declaration provides some basis for a fee award within the range of Plaintiff's request.

However, "[a] district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 434). "[T]he district court is in the best position to discern what work was necessary." *Vargas*, 949 F.3d at 1199 (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2013)).

Based on this Court's experience with hundreds of ADA cases, Plaintiff's counsel submitted unreasonably inflated billing records. Over the years, counsel's firm has filed hundreds if not thousands of ADA/Unruh cases in this District. Many of the cases involve carbon-copy complaints and template documents. This case is no different.

"While it is understandable that most ADA cases have similar fact patterns and causes of action, [courts are cautioned] against awarding Plaintiff's counsel a windfall for their carbon-copy complaints and 'entirely boilerplate nature of ... [these] litigation[s].'" *Tate v. Deoca*, 2018 WL 5914220, at *8 (C.D. Cal. July 31, 2018) (internal citations omitted).

                                                                         : 

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:20-cv-342-SVW | Date | February 23, 2021 |
| Title | *James Rutherford v. Kevin Doan and Pauline Doan* | | |

Accordingly, in light of counsel's familiarity with ADA cases, the simple nature of this case for experienced attorneys, and the lack of any opposition whatsoever, the Court will reduce the total fee award by 33%. *See Ghadiri v. Carpet & Linoleum City*, 2020 WL 6440911, at *2 (9th Cir. Nov. 3, 2020) ("[T]he District Court had great familiarity with cases alleging violations of the ADA and its California state law equivalent. . . . Under these circumstances, the District Court's 'assessment' of the reasonableness of time spent on activities like case analysis, motion drafting, and discovery-related tasks is 'entitled to considerable deference because of the district court's superior understanding of the litigation.'"); *see also Arroyo v. Melendez*, No. 2020 WL 869211, at *7 (C.D. Cal. Feb. 21, 2020) (reducing fees by 50% after default judgment in light of "the redundancy of work, [counsel's] familiarity with [Plaintiff], expertise in the area of law, [and the] straightforward nature of the case involved for the extensively-trained attorneys"); *Fernandez*, 2020 WL 2113673 at *6 (reducing fees by 50% after default judgment in light of boilerplate documents and redundancy of work).

The Court awards $2,487.33 in attorney's fees. The Court also grants Plaintiff's request for $538 in costs, consisting of the service costs ($138.00) and the filing fee ($400).

In sum, the Court awards fees and costs in the amount of $3,025.33.

### IV. Conclusion

The Court GRANTS Plaintiff's application for default judgment. Plaintiff is granted injunctive relief, and Defendants are ordered to provide the following in compliance with the ADA: a van accessible parking space and access aisle, curbed ramps connecting the parking space to the entrance of Defendants' building, and an accessible route to the outdoor seating area.

Plaintiff's request to affix attorney's fees is GRANTED IN PART. Plaintiff is awarded $4,000 in damages under the Unruh Act and $3,025.33 in fees and costs, for a total award of $7,025.33.

IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |